STATE *vs.* WILLIAM BRADLEY.

APRIL 21, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

PER CURIAM. By the verdict of a jury in the Superior Court the defendant was found guilty of being a common gambler. The case is before us on the defendant's excep-

tions as follows; to the admission and exclusion of evidence; to the refusal of the trial court to discharge the defendant and to the refusal of said court to grant him a new trial.

The indictment charges that the defendant "unlawfully did act as game keeper and assistant for a certain banking game, to wit, playing cards and a game where money and property were dependent upon the result." Testimony was introduced showing that the defendant was a frequenter of the basement of a certain two tenement house; that on several occasions he there "ran" a game of "stud" or "draw" poker; that out of each "pot" he took a "cut" of ten cents, settled the arguments, took charge of the game and made change and that "he sat in the game and, if he had a hand that warranted it, he played like the rest of us."

The question is not whether the defendant gambled, but whether he acted either as game keeper or assistant for a banking game; in other words, was the game of poker in which he participated a banking game?

The defendant contends that a bank is a necessary concomitant of a banking game. The defendant had no bank in the sense in which that term is used in gaming. "To constitute a bank, there must be a fund of money offered and ready to be staked on all bets which others may choose to make against the banker, on the game which he keeps or exhibits". 27 C. J. 970.

The indictment is based on Section 9, Chapter 401, General Laws 1923, which provides that: "Every person . . . who shall be guilty of dealing faro, or banking for others to deal faro, or acting as lookout, game-keeper or assistant for the game of faro or any other banking game where money or property is dependent on the result, shall be taken and held to be a common gambler." The language of the statute is; "the game of faro or any other banking game." Faro is a banking game and is defined in Webster's International Dictionary as: "A gambling game at cards, in which all of the other players play against the dealer or banker." In playing faro a bank is necessary. In the poker

game played by the defendant and others there was neither bank nor banker. The players merely played for the "pot" and the game was not a banking game. See 27 C. J. 970 and authorities cited.

The defendant's exception to the refusal of the trial court to grant his motion to discharge is sustained.

The Attorney General is hereby given opportunity to appear on April 28, 1930, and show cause, if any there be, why the case should not be remitted to the Superior Court with direction to discharge the defendant as upon an acquittal and allow him to go without day.

*Benjamin M. McLyman, Attorney General, Sigmund W. Fischer, Jr., Asst. Atty. Gen.,* for State.

*Charles A. Kiernan,* for defendant.

